May Lavigne

 vs No.8702

Armour and Co.Ltd.

### Charles F.Claiborne,Judge.

February 19 th 1923 .

*Judge Bell dissents*

Charles F.Claiborne,Judge.

Plaintiff sues the defendant for damages done to her car by defendant's truck in a collision.

The facts are as follows;

The plaintiff was driving her car " on the left hand tracks or near the track in the center of " St.Charles Street : defendant's truck was running ahead of her;when defendant's truck reached the corner of South Street,the plaintiff alleges that,without extending his hand,the defendant's chauffeur turned his truck to the left and checked her spped to go into South Street ; that in order to avoid a collision she steered her car to the right in an attempt to stop;notwithstanding her efforts the hind left side of her car came in violent impact with the left hind part of defendant's truck,with the result that her car was injured to the extent of $150.00.

A lady who was riding on the right side of the front seat of plaintiff's car,also testified that the chauffeur of the truck extended his hand only after he had partially turned.

The defendant's chauffeur,on the other hand swears that he was driving up on the right hand side of St.Charles Street,and when he reached Soule College he crossed over to the left or other side of the street,and within fifty feet of South Street,extended his hand to indicate his intention of turning into that street.

Another witness who was standing at the corner of St. Charles and South Streets,saw defendant's chauffeur cross St. Charles Street and at a distance of fifty feet from South Street extend his hand.We see no reason to discredit the veracity of this witness.

It is to be noticed that neither the plaintiff nor the

defendant has introduced the City Traffic ordinance requiring chauffeurs to extend their hands before turning into a side street,and that there is no common law of the road requiring such practice.

But if we were tp assume that it was the duty of the truck's chauffeur,under any recognized law,to so extend his hand, the best that could be said was that the question was left in doubt.While that is true;the law is that affirmative testimony preponderates over negative.It might well be that neither the plaintiff nor her lady friend saw the extended hand,especially the latter who was occupying a right hand seat,and whose view of the chauffeur,on the left of the truck was imperfect;and yet the hand might have been extended.These ladies could not be prosecuted for perjury.But not so with the defendant's witnesses who swore to the existence of a fact,which,if true might be the basis of a criminal prosecution.1 H.D.-557 ( D ) No.12 -33 A 800 36 A 84-39 A 955-344-352 ♠ 39 A 352-40 A 741-45 A 331 -46 A 570 47 A 383 -37 A 258-141 La 132-15 A 318-172- 1 Breaux 378,- 2 Evan's Pothier P.193,453 -107 La 402-30 A.E.E.Law 1071-26 A 676 (678) 38 A 952 (955) 123 La 696-124 La 769 (773) 126 La 263 131 La 211 (217) 51 A 168.

But irrespective of that conflict,plaintiff,at the time of the accident was on the wrong side of the street.She was driving on the left side.In the case of Lee vs Foley 113 La 668 the Court said: " It is custom which governs,of which Courts can take judicial notice,for vehicles to drive to the right of the road."

And in Schick vs Jenevein 1454 La 338 the Court quoting Elliott on Roads said :

" One who violates the law of the road by driving on the wrong side of the way assumes the risk of all such experiments, and must use greater care than if he had kept upon the right side of the road.If a collision takes place,the presumption is generally against the party upon the wrong side"

465

Plaintiff must make her case certain.If she was negligent as well as the defendant she cannot recover 35 A 1135-1191 39 A 796 -46 A 1556-47 A 25-721-1395- 49 A 588-2 H.D.1054 (C ) 26 A 72-33 A 1422-42 A 1053 .

The defendant was not upon the wrong side,as he had to get there to turn into South Street.

It is therefore ordered that the judgment herein be reversed and avoided,and that there be judgment in favor of defendant rejecting plaintiff's demand at her cost in both Courts .

Judgment reversed.

February 19th 1923

I Respectfully dissent

Wm H Bell
Judge